FILED IN THE
U.S. DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

Nov 20, 2026

SEAN F. MCAVOY, CLERK

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| STEVEN VANN SHOEMAKER,<br>Plaintiff,<br>v.<br>DOE, et al.,<br>Defendants. | No. 4:26-CV-05187-MKD<br>ORDER DISMISSING CASE |

Plaintiff filed a Complaint on November 9, 2026. ECF No. 1. Plaintiff also filed an application to proceed *in forma pauperis*. ECF No. 2. A complaint filed by any party that seeks to proceed *in forma pauperis* under 28 U.S.C. § 1915(a) is subject to screening, and the Court must dismiss a complaint that is, among other things, frivolous. 28 U.S.C. § 1915(e)(2)(B); *see Lopez v. Smith*, 203 F.3d 1122, 1126-27 (9th Cir. 2000) (en banc).

Having reviewed Plaintiff's allegations liberally, *see Capp v. Cnty. of San Diego*, 940 F.3d 1046, 1052 (9th Cir. 2019), the Court concludes Plaintiff's Complaint is frivolous. Plaintiff submits a "WHISTLEBLOWER REPORT"

alleging waste of government funds and risks to public safety arising from the Hanford tank farm cleanup. ECF No. 1 at 5. He demands "$100 trillions [sic]" for asserted risks to the public, Hanford workers, and global safety, but identifies no injury to himself or violation of his own rights supporting that recovery. *Id.* at 7. His report also requests preservation of records and referral for investigation. *Id.* at 6. Filing a citizen's report does not establish an entitlement to a Court-directed investigation. *See Jett v. Castaneda*, 578 F.2d 842, 845 (9th Cir. 1978) (explaining that a district court has "no general supervisory jurisdiction over the course of executive investigations"). Plaintiff's asserted entitlement to investigation and personal compensation for government waste and generalized public risks lacks an arguable basis in law. *See Neitzke v. Williams*, 490 U.S. 319, 325(1989).

The Court thus dismisses this action with prejudice pursuant to 28 U.S.C. § 1915(e)(2)(B). The Court further denies leave to amend because additional allegations of government waste and generalized public risks would not establish a personal right to monetary recovery or a Court-directed investigation through this whistleblower report. *See Lucas v. Cal. Dep't of Corr.*, 66 F.3d 245, 248 (9th Cir. 1995) (holding that when a court dismisses a *pro se* plaintiff's complaint, it must give the plaintiff leave to amend "[u]nless it is absolutely clear that no amendment can cure the defect" in the complaint).

Accordingly, **IT IS HEREBY ORDERED:**

1. This action is **DISMISSED WITH PREJUDICE** pursuant to 28 U.S.C. § 1915(e)(2)(B).

2. Plaintiff's application to proceed *in forma pauperis*, **ECF No. 2**, is **DENIED as moot.**

3. The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal of this Order would not be taken in good faith and would lack any arguable basis in law or fact.

**IT IS SO ORDERED.** The District Court Executive is directed to enter this Order, **enter judgment**, provide a copy to Plaintiff, and **CLOSE** the file.

DATED November 20, 2026.

*s/Mary K. Dimke*
MARY K. DIMKE
UNITED STATES DISTRICT JUDGE